IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:18-cr-375-SI |
| v. | **OPINION AND ORDER** |
| **MARK EDWARD STAGGS**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Defendant Mark Edward Staggs, age 65, pleaded guilty to making a false statement, in violation of 26 U.S.C. § 7206(1). He concealed his 2011 income of approximately $212,112 and then filed a false 2011 federal income tax return with the Internal Revenue Service. He concealed his true income by using a false social security number to cash income checks at a check cashing service and failing to deposit the cash he received into his business bank account. He also concealed his true income and filed false income tax returns for the years 2010, 212, and 2013. Although not an element of his count of conviction under 26 U.S.C. § 7206(1), Mr. Staggs's total tax due and owing to the Internal Revenue Service for 2010 through 2013 is approximately $142,583. On February 20, 2020, the Court sentenced Mr. Staggs to a term of imprisonment of six (6) months, followed by one (1) year of supervised release.

PAGE 1 – OPINION AND ORDER

Mr. Staggs has severe obesity with a body mass index of 40. That condition, in conjunction with his age, place him at high risk for serious complications if he were to contract COVID-19. For that reason, the Court on several occasions postponed Mr. Staggs's self-surrender date. The current date for Mr. Staggs to self-surrender to the Bureau of Prisons (BOP) is January 19, 2021. ECF 40. The BOP has directed Mr. Staggs to report to the SeaTac Federal Detention Center near Seattle, Washington (FDC SeaTac).

On October 20, 2020, Mr. Staggs submitted to the BOP a petition for compassionate release, which the BOP promptly denied on the grounds that Mr. Staggs had not yet self-surrendered to BOP custody. On November 2, 2020, Mr. Staggs filed with the Court a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF 41 The Government opposes Mr. Staggs's motion, arguing that it is premature, among other things. As explained below, the Court denies as premature Mr. Staggs's motion for reduction of sentence but will allow him further to postpone his self-surrender date, if he timely requests.

## LEGAL FRAMEWORK FOR COMPASSIONATE RELEASE

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Congress, however, has authorized a district court to modify a defendant's sentence in three limited circumstances: (1) when granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) when expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) when a defendant has been sentenced based on a sentencing range that later has been lowered by the United States Sentencing Commission (USSC). 18 U.S.C. § 3582(c)(1). The motion before the Court seeks compassionate release.

Before 2018, § 3582(c)(1)(A) required that a motion for compassionate release be brought only by the BOP. The First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194

(Dec. 21, 2018), amended § 3582 to authorize courts to grant a motion for compassionate release filed by a defendant. A defendant, however, may only bring a motion for compassionate release after: (1) petitioning the BOP to make such a motion on the defendant's behalf; and (2) either (a) the defendant has exhausted all administrative appeals after the BOP denied the defendant's petition or (b) thirty days has elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).[1]

Compassionate release under § 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two conditions have been satisfied. The first is that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The USSC policy statement for reducing a term of imprisonment under § 3582(c)(1)(A) is found in the United States Sentencing Guidelines Manual (USSG) at § 1B1.13. That policy statement explains the phrase "extraordinary and compelling reasons." USSG § 1B1.13(1)(A) and cmt. 1. Four out-of-circuit federal appellate courts, however, have held that § 1B1.13 does not apply to a motion filed by a defendant.[2]

---

[1] The United States Courts of Appeal for the Fifth and Sixth Circuits have held that a defendant's failure to satisfy this administrative exhaustion requirement does not deprive a court of subject-matter jurisdiction; instead, this is a mandatory claim-processing rule that binds a court when properly asserted by the Government and not forfeited. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020) (agreeing with *Alam*). The Ninth Circuit has not yet addressed this issue.

[2] In *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020), the Second Circuit held that USSG § 1B1.13 is not applicable, and therefore not binding, as to defense-filed motions because that section has not been updated since the First Step Act expanded the compassionate release statute to permit defense-filed motions. The Second Circuit explained that the policy statement "is clearly outdated" because it still requires a "motion of the Director of the Bureau of Prisons." *Brooker*, 976 F.3d at 235. The Fourth, Sixth, and the Seventh Circuits agree with the Second Circuit on this point. *See United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *7 (4th Cir. Dec. 2, 2020); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. Nov. 20, 2020);

Section 3582(c)(1)(A) also directs a district court to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The factors under § 3553(a) include: the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, *protect the public*, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). Thus, in resolving a motion for early release from incarceration brought under § 3582(c)(1)(A)(i), a district court must be sensitive to the factors in § 3553(a), including consideration of the protection of the public.

Compassionate release is "rare" and "extraordinary," and courts routinely deny such claims. *United States v. Mangarella*, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020) ("[A] compassionate release . . . is an extraordinary and rare event.") (citation omitted). A defendant bears the burden to show special circumstances meeting the high bar set by Congress for compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)). As other courts have noted: "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020) (rejecting claim for compassionate release from a

---

*United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020). The Ninth Circuit has not yet addressed this issue.

defendant suffering from back injuries and epilepsy) (brackets in original) (quoting *United States v. Weidenhamer*, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019)). A court also must consider the sentencing factors under § 3553(a), to the extent they are applicable. *See* § 3582(c)(1)(A).

## DISCUSSION

There is no legal basis to reconsider Mr. Staggs's lawfully imposed sentence at this time because he has not begun serving his sentence. Thus, his motion for compassionate release is premature. By requiring that a defendant first approach the warden at his institution to seek compassionate release, the statute, by its plain text, contemplates that a defendant who seeks compassionate release already will be in the custody of the BOP. *See United States v. Konny*, 463 F. Supp. 3d 402, 404 (S.D.N.Y. 2020) (holding that based on the "plain terms" of statute, only defendants who have begun serving their term of imprisonment at a BOP facility are eligible for compassionate release).

The fact that Mr. Staggs has been designated to an institution is immaterial; he is not in custody. *See id.* at 405 (noting that a defendant only has been designated to BOP institution). Mr. Staggs, therefore, is not similarly situated to a defendant who has begun serving his federal sentence but is in local custody awaiting transfer to a BOP facility. *See United States v. Gonzalez*, 451 F. Supp. 3d 1194, 1195-96 (E.D. Wash. 2020) (granting compassionate release request of detainee held in county jail pending BOP designation and transfer). Nor can Mr. Staggs accurately compare himself to a defendant who had served a portion of his sentence, was released, and had remaining time to serve after a remand. *See United States v. Austin*, 2020 WL 3447521, (S.D.N.Y. June 22, 2020) (granting compassionate release to a defendant who had served a term of imprisonment, was released, and was ordered to return after successful appeal and distinguishing cases involving defendants who had never surrendered to federal custody).

Because Mr. Staggs has not yet begun serving his sentence, he is not eligible for compassionate release. "[T]he entire scheme of the provision contemplates that the defendant seeking relief has already begun serving his or her sentence." *See United States v. Picardo*, 2020 WL 6501730, at *2 (D.N.J. Nov. 5, 2020) (denying compassionate release to defendant who had not yet reported to begin serving his 366-day sentence for tax evasion); *United States v. Spruill*, 2020 WL 2113621, at *3 (D. Conn. May 4, 2020) (finding a motion for compassionate release premature when made before the defendant began his custodial sentence and concluding that the court lacked the authority to resentence the defendant). Further, there is no basis for resentencing. *Id*. Compassionate release allows for the reduction of a term of imprisonment, not a modification so that a defendant can serve his entire sentence on home confinement. *See Picardo*, 2020 WL 6501730, at *2.

The Government, however, does not oppose an additional extension of Mr. Staggs's self-surrender date and suggests that a self-surrender reporting date in the fall of 2021 may be sufficient to reduce his exposure to the risk of COVID-19. ECF 42 at 1. The Court agrees and will give Mr. Staggs that option, if he wishes to take it.

## CONCLUSION

The Court DENIES Mr. Staggs's Motion for Reduction of Reduce Sentence. ECF 41. Mr. Staggs, however, has leave timely to request a further postponement of his self-surrender obligation to any date on or before December 1, 2021.

**IT IS SO ORDERED.**

DATED this 22nd day of December, 2020.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge